1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   THOMAS MARTIN SUKUP,

11            Plaintiff,                 No. CIV S-10-1845 KJM P

12      vs.

13   JOHN A. MENDEZ,

14            Defendant.                 ORDER AND

15   _____/           FINDINGS AND RECOMMENDATIONS

16            Plaintiff is a federal prisoner in Texas proceeding pro se.  Defendant is a district

17   court judge of this court.  Plaintiff purports to seek relief pursuant to <u>Bivens v. Six Unknown</u>

18   <u>Fed. Narcotics Agents</u>, 403 U.S. 388 (1971)[1] and has requested leave to proceed in forma

19   pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule

20   302 pursuant to 28 U.S.C. § 636(b)(1).

21            Plaintiff has submitted a declaration that makes the showing required by

22   28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

23   /////

24   

25        [1]  In his complaint, plaintiff asserts that he seeks relief under 42 U.S.C. § 1983.
     Defendant is a federal employee.  A <u>Bivens</u> action is the federal analog to suits brought against
26   state officials under 42 U.S.C. § 1983.

1

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $237.10 will be assessed by this order.  28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a

2

1  claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.

2  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

3  draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal,

4  129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can

5  be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197,

6  2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer

7  v. Rhodes, 416 U.S. 232, 236 (1974).

8         In this action, plaintiff in effect seeks reversal of an order entered by defendant on

9  March 25, 2010, in CR-S-97-461 JAM. He specifically asks that the Clerk of this Court be

10  permitted to serve certain documents docketed in his federal criminal case on the Ninth Circuit

11  Court of Appeals, suggesting service would initiate appellate proceedings.  This court does not

12  have jurisdiction to hear an appeal regarding its own decisions.  Moreover, plaintiff's appeal of

13  the court's March 25, 2010 order was conveyed to the Ninth Circuit.  See CR-S-97-461 JAM,

14  Docket Entries #271 and #273.  Recently, the Ninth Circuit declined to allow the appeal to

15  proceed as "so insubstantial as to not warrant further review."  See id., Docket # 277.  Because

16  there is no basis for the relief plaintiff seeks, this action is frivolous and should be dismissed.

17         The court notes that plaintiff requests that the undersigned recuse.  Situations

18  under which a judge should recuse are identified in 28 U.S.C. § 455.  There is no valid basis for

19  recusal in this case.

20         In accordance with the above, IT IS HEREBY ORDERED that:

21         1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

22         2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

23  Plaintiff is assessed an initial partial filing fee of $237.10.  All fees shall be collected and paid in

24  accordance with this court's order to the Warden of FCI Beaumont Low filed concurrently

25  herewith.

26  /////

3

1    3.  The Clerk of the Court assign a district court judge to this case.

2    4. Plaintiff's request that the undersigned recuse (#6) is denied.

3    IT IS HEREBY RECOMMENDED that this action be dismissed as frivolous.

4    These findings and recommendations are submitted to the United States District

5  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

6  one days after being served with these findings and recommendations, plaintiff may file written

7  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

8  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

9  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>,

10  951 F.2d 1153 (9th Cir. 1991).

11  DATED:  December 19, 2010.

_____
U.S. MAGISTRATE JUDGE

1
suku1845.dis(8.2.10)

4